IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50178
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

XAVIER LAGRANT,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-454-1
- - - - - - - - - -
May 31, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Xavier LaGrant appeals the revocation of his release on bond. LaGrant has failed to show, however, that the district court abused its discretion in denying his 28 U.S.C. § 2241 petition challenging, *inter alia*, the revocation of his bond. See <u>United States v. Rueben</u>, 974 F.2d 580, 586 (5th Cir. 1992); <u>United States v. Hare</u>, 873 F.2d 796, 798 (5th Cir. 1989).

    LaGrant first violated the conditions of his release by violating the electronic monitoring requirement. He was placed in a halfway house as a result of that violation. While a

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

resident at the halfway house, LaGrant consumed alcohol, a violation of the house rules and of his conditions of release. His bond was revoked on the basis that he had violated a condition of release and was unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(1) and (2).

Instead of challenging the magistrate judge's revocation of his bond, LaGrant filed a 28 U.S.C. § 2241 petition. LaGrant does not contest the factual finding that he consumed alcohol while a resident at the halfway house. He argues that this violation was insufficient to warrant revocation of his bond. The argument lacks merit. The district court did not abuse its discretion in denying LaGrant's 28 U.S.C. § 2241 petition in which he challenged the revocation of his bond.

AFFIRMED.